**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Josh Christopher PLUNKETT,
Defendant–Appellant.**

**No. 95–30053.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 1995.

Decided Jan. 24, 1996.

As Amended March 12, 1996.

As Amended Aug. 9, 1996.

Christopher J. Schatz, Assistant Federal Public Defender, Portland, Oregon, for defendant-appellant.

Leslie K. Baker, Assistant United States Attorney, Portland, Oregon, for plaintiff-appellee.

Before WALLACE, Chief Judge, D.W. NELSON and BRUNETTI, Circuit Judges.

Opinion by Chief Judge WALLACE.

WALLACE, Chief Judge:

Plunkett challenges his 46–month sentence of imprisonment, which was imposed after he violated the terms and conditions of his probation. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal of the sentence pursuant to 18 U.S.C. § 3742. We affirm.

**I**

While serving an unrelated state sentence, Plunkett contacted the Federal Bureau of Investigation (Bureau) and confessed to robbing a bank several years earlier. Bureau officials admitted that without Plunkett's confession the crime would have remained unsolved. On September 7, 1993, a hearing was held to sentence Plunkett for the crime

to which he confessed. In recognition of his voluntary disclosure, the district court departed downward to a base offense level of three and a guideline range of zero to six months. The district court placed Plunkett on probation for five years subject to numerous conditions, including that Plunkett not "purchase, possess, use, distribute or administer any narcotic or other controlled substance...."

Nonetheless, on December 15, 1994, the court issued a Warrant and Order to Show Cause as to why Plunkett's probation should not be revoked due to allegations that Plunkett used heroin, as evidenced by positive drug tests and his own admissions. On January 30, 1995, a sentencing hearing was held and Plunkett's probation was revoked. The court held that the Sentencing Guidelines' Chapter 7 policy statement ranges for probation violation were inadequate and returned to the original guideline range of 57–71 months, departing downward to 46 months in recognition of Plunkett's original confession.

## II

Plunkett argues that the 1994 amendments to 18 U.S.C. §§ 3553 and 3565 render mandatory the suggested imprisonment sentences for probation violators in the Chapter 7 policy statements. As the Warrant and Order to Show Cause was issued on December 15, 1994, several months after the amendments became effective on September 13, 1994, the amendments applied to Plunkett's resentencing. Had the court followed the policy statements, Plunkett would have received a sentence of six to twelve months, *see* Guidelines Policy Statement §§ 7B1.3(a)(2) & 7B1.4(a), rather than the 46 months he received under the range applicable at the time of original sentencing.

Prior to the 1994 Amendments, section 3553(a)(4) read:

The court, in determining the particular sentence to be imposed, shall consider—

.     .     .     .     .

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth

in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(1) and that are in effect on the date the defendant is sentenced;

The current version reads:

The court, in determining the particular sentence to be imposed, shall consider—

.     .     .     .     .

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

Plunkett urges that the amended language makes the Chapter 7 policy statements mandatory.

The Supreme Court has ruled that the policy statements are mandatory, as they are an intrinsic part of the Guidelines themselves. *See Williams v. United States,* 503 U.S. 193, 200–01, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992) ("[T]o say that guidelines are distinct from policy statements is not to say that their meaning is unaffected by policy statements.... [A policy] statement is an authoritative guide to the meaning of the applicable guideline."). Under the old section 3553 language, we held that because the statute required imposition of a sentence as "set forth in the guidelines" and because the Chapter 7 policy statements did not comment upon any actual guidelines, the policy statements were not binding. *United States v. Forrester,* 19 F.3d 482, 484 (9th Cir.1994) ("[b]ecause Chapter 7 ... does not purport to interpret a guideline, *Stinson* and *Williams* do not require a sentencing court to follow Chapter 7's policy statements").

As the amended section 3553 now specifically mentions policy statements, the *Forrester* analysis no longer applies. Before the amendments, policy statements were binding on courts because they interpreted mandatory guidelines. Now, because section 3553 incorporates policy statements by name, policy statements are independently mandatory. However, the new language names the policy statements in the disjunctive: a sentencing court may consider the guidelines *or* the policy statements. Thus, the result of *Forrester* remains intact. A sentencing court may rely upon either the guideline or policy statements in resentencing probation violators under section 3553.

Plunkett further argues that the amended 18 U.S.C. § 3565(a) also suggests that the Chapter 7 policy statements are binding. Again, the plain meaning of the amended section does not support such an assertion. Prior to being amended, a court could "revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing." 18 U.S.C. § 3565(a) (1985). Now, a court can "revoke the sentence of probation and resentence the defendant under subchapter A." 18 U.S.C. § 3565(a) (1994). The new language continues to give the trial court discretion to sentence a probation violator to the range of sentences available at the time of the original sentencing.

### III

Last, Plunkett argues that the "law of the case" doctrine prevents the sentencing judge from revisiting her earlier decision to grant a downward departure. We disagree. The law of the case doctrine is inapplicable here because 18 U.S.C. § 3565(a) authorizes the district court to resentence Plunkett to any legal sentence that could have been imposed when the court resentenced him for the first time.

AFFIRMED.

WALLACE, Circuit Judge, dissenting:

I dissent from this amendment to our opinion. Simply because section 3565(a) authorizes district judges to resentence upon probation violation does not render the law of the case doctrine inapplicable to all aspects of resentencing. A sentencing court would often wish to avoid reopening certain issues that were resolved at the original sentencing hearing and that have no bearing on resentencing but which parties might wish to raise. An example might be a technical dispute concerning a computation of the defendant's prior offense level. I believe a district court should be free to rely upon the law of the case doctrine to prevent the reopening of such issues. Such reliance would, in no way, limit the district court's authority under section 3565(a) to reconsider other aspects of sentencing, most particularly downward departures for morally mitigating circumstances which, after probation violation, may no longer be appropriate.

The law of the case doctrine is flexible, even, as the Supreme Court has said, "amorphous." *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). The amended language constricts the doctrine to an unnecessary degree as it holds that whenever a statute explicitly authorizes a district court to reconsider an issue, the law of the case doctrine has no place. There is no citation of precedent for this position. This is not surprising as the position is not tenable. To the contrary, we should allow district courts to rely on the law of the case doctrine to avoid efficiently reconsideration of issues not relevant to probation violation resentencing. *See* 1B James C. Moore & Jo Desha Lucas, *Moore's Federal Practice* ¶ 0.404[1] (2d ed. 1995) ("[at] the trial court level, the doctrine of the law of the case is little more than a management practice to permit logical progression toward judgment[;] efficient disposition of the case demands that each stage of the litigation build on the last").