124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chris Amado GARCIA, Defendant-Appellant.
 No. 96-30347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the District of Montana, No. CR-94-00036-3-CCL; Charles C. Lovell, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chris Amado Garcia appeals his 24 month sentence imposed after the revocation of his supervised release for possession of marijuana. Garcia originally was sentenced to 11 months imprisonment and 3 years supervised release after his guilty plea to conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Garcia contends that the district court erred by: 1) imposing a sentence outside the Chapter 7 Sentencing Guidelines and 2) by improperly applying applicable factors listed in 18 U.S.C. § 3553. We review a district court's revocation of supervised release de novo. See United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.
 
 
 3
 Garcia contends that the district court should have applied the sentence named in U.S.S.G § 7B1.4. Alternatively, Garcia contends that his sentence was greater than necessary and that the district court did not consider the required 18 U.S.C. § 3553 factors when it sentenced him.
 
 
 4
 Revocation of Supervised Release Terms is governed by 18 U.S.C. § 3583. See 18 U.S.C. § 3583. 18 U.S.C. § 3583(g) establishes that a district court must revoke the supervised release of a defendant who possesses a controlled substance. See 18 U.S.C. § 3583(g). 18 U.S.C. § 3583(e) dictates that upon revocation of a release term, the district court may require the defendant to serve time in prison after considering specified factors from § 3553. See 18 U.S.C. § 3583(e) and (e)(3). If the original offense that resulted in the term of supervised release was a class C felony, the district court may not sentence the defendant to serve more than 2 years at revocation of supervised release. See 18 U.S.C. § 3583(e)(3).
 
 
 5
 U.S.S.G. § 7B1.4, a policy statement contained in the Sentencing Guidelines, sets forth the range of imprisonment applicable upon revocation of supervised release. See U.S.S.G. § 7B1.4. According to section 7B1.4, a defendant guilty of a Class C felony with a criminal history category of III is subject to imprisonment for a term of 5-11 months. See id.
 
 
 6
 18 U.S.C. § 3553 directs the district court to apply a sentence that is sufficient, but not greater than necessary. See 18 U.S.C. § 3553. 18 U.S.C. § 3553(a)(5) incorporates U.S.S.G. policy statements into 18 U.S.C. § 3583 analysis. See 18 U.S.C. § 3553. However, because § 3553 names the policy statement in the disjunctive a sentencing court may consider either the guidelines or the policy statements. See United States v. Plunkett, 74 F.3d 938, 939 (1996).
 
 
 7
 Here, Garcia committed a Class C felony and had a criminal history category of III. Garcia possessed marijuana in violation of a standard supervised release condition. The district court considered a term of 5 to 11 months pursuant to Chapter 7 but noted that it was merely advisory. The district court based its decision on Garcia's probation report recommendation and sentenced Garcia to 24 months, the maximum sentence allowable under 18 U.S.C. § 3583. See Plunkett, 74 F.3d at 939. Accordingly, the district court did not err by refusing to apply the sentence listed in Chapter 7. See id.
 
 
 8
 The district court adequately considered the 18 U.S.C. § 3553 factors required by 18 U.S.C. § 3583. Garcia's probation report included information about the nature and circumstances of Garcia's offense, history and characteristics. See 18 U.S.C. § 3553(a)(1). Garcia's incarceration at a facility with a drug treatment program evidences the court considered Garcia's need for treatment. See 18 U.S.C. § 3553(a)(2)(D). Moreover, the district court noted that Garcia was not amenable to supervision; and had repeatedly been given lenient treatment and opportunities he failed to take advantage of. Regarding the record as a whole, we conclude that the district judge made his reasons for imposing the sentence significantly clear. See Lockhard, 910 F.2d 542, 546 (9th Cir.1990) (district court explanation and determination of defendant's sentence was a clear statement of its reasoning).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3