127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
JUVENILE, Defendant-Appellant.
 No. 97-10073.
 United States Court of Appeals, Ninth Circuit.
 Decided Oct. 27, 1997.
Submitted** October 7, 1997
 
 Appeal from the United States District Court for the District of Arizona Richard M. Bilby, District Judge, Presiding Pasadena, California
 Before: PREGERSON, NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant James J. ("James J."), a juvenile who was resentenced for violating his probation, appeals the district court's decision to add 349 days to the statutorily authorized eighteen month maximum term of imprisonment. Because the parties are familiar with the facts, we will not recite them here.
 
 
 3
 The issue to be addressed on appeal is whether the 349 days is a U.S.S.G. § 7B1.3(e) adjustment or an upward departure from the Sentencing Guidelines.
 
 DISCUSSION
 
 4
 The Sentencing Guidelines provide two alternative methods for calculating the sentence of a defendant who has violated probation. The district court may apply the Chapter 2 sentencing guidelines in which the punishment varies according to the category of the original offense committed by the defendant. U.S.S.G. §§ 2A1.1-2X5.1. This method assigns a numeric offense level to each crime. This base number is then increased or decreased depending on the circumstances surrounding the offense.
 
 
 5
 The second method involves the district using the Chapter 7 policy statements of the Sentencing Guidelines which focus on the probation-violating offense. This method of sentencing is grade-based. All probation-violating conduct is given a grade of "A," "B," or "C," depending on the severity of the offense. U.S.S.G. §§ 7B1.1-7B1.5. A district court may rely on either the Chapter 2 guidelines or the Chapter 7 policy statements when resentencing probation violators. United States v. Plunkett, 94 F.3d 517, 519 (9th Cir.1996).
 
 
 6
 The government argues that the additional 349 days is not a departure from the Sentencing Guidelines.[1] It contends that the district court has the power to enhance the sentence pursuant to the policy statement in U.S.S.G. § 7B1.3(e). This statement reads as follows:
 
 
 7
 Where the court revokes probation or supervised release and imposes a term of imprisonment, it shall increase the term of imprisonment determined under subsections (b), (c), and (d) above by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation or supervised release violation warrant or proceeding.
 
 
 8
 U.S.S.G. § 7B1.3(e) (emphasis added). The purpose of this policy statement is to adjust a defendant's sentence to compensate for any credit he or she may receive for time spent in official detention. U.S.S.G. § 7B1.3(e) application note 3.
 
 
 9
 U.S.S.G. § 7B1.3(e) only applies where the term of imprisonment is determined under subsections (b), (c), or (d) of U.S.S.G. § 7B1.3. Those sections refer to the grade-based method of sentencing set out in Chapter 7 of the Sentencing Guidelines. U.S.S.G. §§ 7B1.1 and 7B1.4. This form of sentencing is only used in situations where the defendant violates parole or supervised release, as is the case here. U.S.S.G. Ch. 7 pt. B introductory comment.
 
 
 10
 Although the district court did not identify which Chapter of the Sentencing Guidelines it relied upon, the use of the language "official detention adjustment" indicates it proceeded under Chapter 7. (Tr. of Hr'g 2/18/97, at 4). Chapter 7 of the Sentencing Guidelines gives the district court sufficient authority to make an official detention adjustment, including the addition of 349 days to a sentence. U.S.S.G. § 7B1.3(e).
 
 
 11
 James J. also contends that the district court violated the Juvenile Delinquency Act which states that the term of detention for a juvenile delinquent may not surpass "the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult." 18 U.S.C. § 5037(c)(1)(B). Under U.S.S.G. § 7B1.3(e), a similarly situated adult could have received an official detention adjustment of 349 days. Thus, the district court did not violate the Juvenile Delinquency Act by giving James J. a 349 day official detention adjustment.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The United States Sentencing Guidelines are not binding on juvenile delinquents. They do serve as a cap on the sentence that a juvenile may receive, however. 18 U.S.C. § 5037(c)(1)(B)