133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Albert OCH, Defendant-Appellant.
 No. 97-30063.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Jan. 6, 1998.
 
 1
 Before: NOONAN and HAWKINS, Circuit Judges, and MERHIGE,*** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Kenneth Albert Och appeals his prison sentence following the revocation of his supervised release, based on a violation of his release conditions. Och was originally sentenced in 1994 upon his guilty plea conviction for violating 26 U.S.C. § 5861(d), possession of hand grenades.
 
 
 4
 Och argues that a sentencing range of three to nine months in United States Sentencing Guidelines § 7B1.4 is mandatory in cases of supervised release violations. He relies on United States v. Plunkett, 94 F.3d 517 (9th Cir.1996), which states that in cases of supervised release violations, policy statements--such as the sentencing ranges in § 7B1.4--are mandatory and must be followed unless there are adequate departure grounds.
 
 
 5
 However, Plunkett also states that a sentencing court, relying upon either guidelines or policy statements, has the discretion to resentence an offender within either the policy range or the guideline range for the original offense. See id. at 519. The range available at the time of the original sentence was 37 to 46 months. Och's sentence of 18 months falls below the maximum range available at the time of original sentencing, and is therefore valid under Plunkett.
 
 
 6
 Moreover, the application notes to § 7B1.4 allow for an upward departure from mandatory policy statements. The district court expressly stated that because the policy statement of Chapter 7 was "not sufficient ... I am going to depart from that recommendation or policy statement...." The upward departure provision in Application Note 4 applies in this case:
 
 
 7
 Where the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted.
 
 
 8
 This Note applies to Och, because he received a downward departure at his original sentencing for acceptance of responsibility in exchange for a guilty plea. Thus, the district court's sentence was a valid upward departure from the mandatory policy statements of § 7B1.4.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3