139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Maurice M. MARTINEZ, Defendant-Appellant.
 No. 97-10121.
D.C. No. CR-93-00295-02-JMR.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the District of Arizona John M. Roll, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maurice M. Martinez appeals his 24-month sentence imposed after the revocation of his supervised release for possession with intent to distribute marijuana. We review a district court's revocation of supervised release for abuse of discretion. See United States v. Schmidt, 99 F.3d 315, 320 (9th Cir.1996). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Martinez contends that the district court erred by failing to sentence him in accordance with the policy statement set forth in U.S.S.G. § 7B1.4(a). We disagree.
 
 
 4
 When imposing a sentence for a violation of supervised release, the district court may rely upon either the policy statements contained in Chapter 7 of the Sentencing Guidelines or the guideline range available at the time of the original sentencing. See United States v. Plunkett, 94 F.3d 517, 519 (9th Cir.1996); 18 U.S.C. § 3553(a)(4)(B) (1994). In addition, if the sentence imposed for the underlying offense was the result of a downward departure, the district court may depart upward from the sentencing range set forth in the policy statement. See U.S.S.G. § 7B1.4, comment. (n. 4) (1995).
 
 
 5
 Here, Martinez pleaded guilty to the underlying offense of possession with intent to distribute 208 kilograms of marijuana, which carries a 5-year mandatory minimum sentence. See 21 U.S.C. § 841(a)(1), (b)(1)(B) (1997). Pursuant to a downward departure for substantial assistance under U.S.S.G. § 5K1.1, Martinez was sentenced to 3 years imprisonment and 5 years supervised release. Upon revocation of Martinez's supervised release and after consideration of the applicable policy statement sentencing range of 5 to 11 months, the district court sentenced Martinez to 24 months, which represented the difference between what he could have been sentenced to originally, 5 years, and his actual sentence, 3 years. Therefore, the district court did not err by relying upon the guideline range available at the time of the original sentencing instead of the range set forth in the policy statement. See Plunkett, 94 F.3d at 519. Moreover, the district court was permitted to depart upward from the range set forth in the policy statement because Martinez originally received a reduced sentence pursuant to a downward departure. See U.S.S.G. § 7B1.4, comment. (n. 4)
 
 
 6
 Accordingly, the district court did not abuse its discretion by sentencing Martinez to 24 months upon revocation of his supervised release. See Schmidt, 99 F.3d at 320.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3