141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Juvenile MALE, Defendant-Appellant.
 No. 97-10381.
D.C. No. CR-96-00058-JMR.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 13, 1998.
 
 Appeal from the United States District Court for the District of Arizona John M. Roll, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edgar Z., a juvenile, appeals his eight-month sentence for violating his probation by illegally reentering the United States. We have jurisdiction pursuant to 18 U.S.C. § 1291. We review de novo the district court's interpretation and application of the Sentencing Guidelines. See United States v. Garcia-Camacho, 122 F.3d 1265, 1267 (9th Cir.1997). We affirm.
 
 
 3
 Edgar Z. contends that the district court erred by applying the Chapter 7 policy statement's range of five to eleven months, rather than the original guideline range of four to ten months under U.S.S.G. § 2A2.4(b) (1995). This contention lacks merit because upon probation revocation, the district court has the authority to rely either on the original guidelines range or on the guidelines policy statements governing probation revocation. See 18 U.S.C. §§ 3553(a)(4), 3565(a) (1995); see also United States v. Plunkett, 94 F.3d 517, 519 (9th Cir.1996) (holding that 1994 amendments to sections 3553 and 3565 did not alter the district court's authority).
 
 
 4
 Edgar Z. also contends that the district court erred by failing to credit him for 112 days spent in pretrial detention. The government argues that the district court has the power to increase the sentence pursuant to the policy statement in U.S.S.G. § 7B1.3(e) (1995). The government's contention has merit.
 
 
 5
 "Where the court revokes probation and imposes a term of imprisonment, it shall increase the term of imprisonment ... by the amount of time in official detention that will be credited toward service of the term of imprisonment under 18 U.S.C. § 3585(b), other than time in official detention resulting from the federal probation violation warrant or proceeding." U.S.S.G. § 7B1.3(e) (1995). The purpose of this policy statement is to "ensure that the revocation penalty is not decreased by credit for time [spent] in official detention ...." U.S.S.G. § 7B1.3(e), comment. (n.3) (1995).
 
 
 6
 Because the district court sentenced Edgar Z. in compliance with the Guidelines, there was no error. See U.S.S.G. § 7B1.3(e); Garcia-Camacho, 122 F.3d at 1267.
 
 
 7
 Edgar Z. further contends that the district court violated the Juvenile Delinquency Act which states that the term of detention for a juvenile delinquent may not surpass "the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult." 18 U.S.C. § 5037(c)(1)(B) (1995). A similarly situated adult would have received an official detention adjustment of 112 days. See U.S.S.G. § 7B1.3(e). Thus, the district court did not violate the Juvenile Delinquency Act by adding the 112 days to Edgar Z.'s eight-month sentence. See id.; 18 U.S.C. § 5037(c)(1)(B).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3