145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Samuel Ray ENGSTROM, Defendant-Appellant.
 No. 97-30328.
 United States Court of Appeals, Ninth Circuit.
 May 22, 1998.
 
 Appeal from the United States District Court for the District of Oregon.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM[1]
 FRYE, J., Presiding
 
 Submitted May 13, 1998[2]
 
 1
 Samuel Ray Engstrom appeals his 24-month sentence imposed after the district court revoked his supervised release. He contends that the district court erred by: (1) treating U.S.S.G. § 7B1.4(a), p.s., as advisory rather than mandatory, and (2) departing upward from the policy statement's sentencing range of five to eleven months imprisonment based on his conduct while on supervised release. We affirm.
 
 
 2
 The Chapter 7 policy statements governing resentencing of supervised release and probation violators are "mandatory." United States v. Plunkett, 94 F.3d 517, 519 (9th Cir.1996) (applying 18 U.S.C. § 3553(a)(4) (1994)). But see id. (in case of probation violation, pursuant to 18 U.S.C. § 3565(a), district court may resentence defendant either under Chapter 7 or to any sentence available at time of original sentencing). The district court may depart upward from the sentencing range on the basis of "an aggravating ... circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b); see United States v. Sablan, 114 F.3d 913, 916-17 (9th Cir.1997) (en banc), cert. denied, --- U.S. ----, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998).
 
 
 3
 Here, pending the hearing on the petition for revocation of Engstrom's supervised release, the district court ordered him released on condition of electronic monitoring. At the hearing, the district court revoked supervised release, finding that Engstrom had committed "Grade C" violations of its conditions by failing to participate in a substance abuse treatment program, failing to report as instructed, using illegal drugs, and driving under the influence of intoxicants. At resentencing, the district court "[took] into consideration" the § 7B1.4(a) policy statement but imposed the 24-month statutory maximum term of 18 U.S.C. § 3583(e)(3) on the grounds that Engstrom "less than 48 hours after his conditional release and while awaiting this hearing, consumed alcohol to the point of intoxication, cut[ ] the electronic monitoring bracelet off his ankle, operat[ed] a motor vehicle while intoxicated, crashed a motor vehicle shortly thereafter, and subsequently absconded supervision."
 
 
 4
 Engstrom contends that this departure was improper because by grading the seriousness of supervised release violations and providing for multiple violations, the Chapter 7 policy statements take into consideration cases like his. See U.S.S.G. §§ 7B1.1(a)(3), p.s.; 7B1.1(b), p.s. (applicable grade is grade of most serious violation). This contention lacks merit because the district court imposed the 24-month sentence on the basis that Engstrom committed a new violation while on conditional release awaiting his revocation hearing. See Sablan, 114 F.3d at 916; United States v. Schmidt, 99 F.3d 315, 320-21 (affirming departure on basis of pattern of refusal to comply with supervised release conditions). In light of Engstrom's conduct, we also reject his contention that the extent of departure was unreasonable. See Sablan, 114 F.3d at 917.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4