145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Robert L. SIMS, Defendant-Appellant.
 No. 97-50574.
DC No. CR 92-595-JMI.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1998[2].
Decided May 22, 1998.
 
 Appeal from the United States District Court for the Central District of California James M. Ideman, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Robert L. Sims appeals his 24-month sentence imposed after the district court revoked his supervised release. He contends that the district court erred by imposing the statutory maximum term under 18 U.S.C. § 3583(e)(3) without adequately considering the U.S.S.G. Chapter 7 policy statements and his original guidelines range, and without providing an adequate explanation of why it was imposing a longer term. We affirm.
 
 
 2
 The Chapter 7 policy statements governing resentencing of supervised release and probation violators are "mandatory." United States v. Plunkett, 94 F.3d 517, 519 (9th Cir.1996) (applying 18 U.S.C. § 3553(a)(4) (1994)). But see id. (in case of probation violation, pursuant to 18 U.S.C. § 3565(a), district court may resentence defendant either under Chapter 7 or to any sentence that was available at the time of the original sentencing). On the basis of "an aggravating ... circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission," the district court may depart upward from the sentencing range set forth in U.S.S.G. § 7B1.4, p.s. 18 U.S.C. § 3553(b); see United States v. Sablan, 114 F.3d 913, 916 (9th Cir.1997) (en banc), cert. denied, --- U.S. ----, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998). If the district court departs, it must state its reasons for doing so. See United States v. Schmidt, 99 F.3d 315, 320 (9th Cir.1996) (applying 18 U.S.C. § 3553(c)(2)).
 
 
 3
 Here, the district court revoked Sims's supervised release, finding that he had committed "Grade C" violations of its conditions by failing to pay a $3,000 fine, failing to report to his probation officer as ordered, failing to report a change in residence, and committing a new offense, forgery of an access card. Sims's U.S.S.G. § 7B1.4(a), p.s., range was six to twelve months imprisonment. He asked the district court to sentence him within the range, but the court imposed the 24-month statutory maximum term on the ground that Sims: "committed a criminal offense while on supervised release, which indicates ... he just doesn't care, or he just wasn't very impressed by the fact that he was on ... supervised release."
 
 
 4
 This record shows that the district court considered the Chapter 7 range. See Plunkett, 94 F.3d at 519. Sims also contends that the district court's reason for departure was inadequate because the Chapter 7 policy statements already take into consideration new offenses such as his forgery offense by defining them as Grade C supervised release violations and providing sentencing ranges for Grade C violations. See U.S.S.G. §§ 7B1.1(a)(3)(A), 7B1.4(a), p.s. This contention lacks merit because the district court relied on its finding that in addition to failing to report and failing to pay his fine, Sims also committed a new offense similar to the offense of conviction, which was theft of government property. See Sablan, 114 F.3d at 916; Schmidt, 99 F.3d at 320.
 
 
 5
 AFFIRMED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3