**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50542 |
| Plaintiff - Appellee, | D.C. No. 5:10-cr-00075-VAP |
| v. | |
| VAIKALAFI LUTUI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Vaikalafi Lutui appeals from the district court's judgment and challenges the

24-month sentence imposed following the revocation of probation.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Lutui contends that the district court procedurally erred by failing to explain adequately why it imposed a sentence within the Guidelines range applicable to his underlying offense instead of the Chapter 7 Guidelines range. He further argues that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors, including his rehabilitation. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. When sentencing a probation violator, the district court may rely either on the Guidelines range governing the original offense or on the Guidelines policy statements governing probation violations. *See United States v. Plunkett*, 94 F.3d 517, 519 (9th Cir. 1996). The record indicates the district court considered both sentencing ranges and the section 3553(a) factors, and adequately explained the sentence.

Lutui also contends that his sentence is substantively unreasonable because of his demonstrated commitment to rehabilitation. The district court did not abuse its discretion in imposing Lutui's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See id.*

**AFFIRMED.**