**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10183 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01069-RCC-2 |
| v. | |
| OMAR QUIROZ-LEON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted January 15, 2019**

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Omar Quiroz-Leon appeals from the district court's judgment and challenges

the 18-month sentence imposed on revocation of his probation.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Quiroz-Leon contends that the district court procedurally erred by rejecting

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the parties' disposition agreement for a sentence at the high end of the Chapter 7 Guidelines range and by failing to explain adequately its reasoning for imposing the 18-month sentence. We review these contentions for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

The record demonstrates that the district court was aware of the 18 to 24 month sentencing range governing the original offense, as well as the 3 to 9 month range contained in the Chapter 7 policy statement, and exercised its discretion to impose a sentence at the low end of the Guidelines range for the original offense. *See United States v. Plunkett*, 94 F.3d 517, 519 (9th Cir. 1996) (at probation revocation, sentencing court has discretion to use the Guidelines range calculated at the original sentencing or the revocation policy statement range). The record also demonstrates that the district court made this decision based on an individualized consideration of the 18 U.S.C. § 3553(a) factors and the circumstances of Quiroz-Leon's case, rather than a blanket policy regarding probation violators. The court did not err by failing to provide a more detailed explanation of its reasoning. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Quiroz-Leon next contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 18-month sentence is substantively reasonable in light of the

applicable section 3553(a) sentencing factors and the totality of the circumstances. *See id.*

**AFFIRMED.**