**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Olumuyiwa Ola OLABANJI,**
**Defendant–Appellant.**

No. 00–50228.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2001

Filed Oct. 4, 2001

Michael S. Evans, Torrance, California, for the defendant-appellant.

Michael J. Raphael, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

## OPINION

T.G. NELSON, Circuit Judge:

Olumuyiwa O. Olabanji appeals the sentence imposed upon the revocation of his probation. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we reverse.

## I. FACTS AND PROCEDURAL HISTORY

On September 9, 1998, Olabanji pleaded guilty to one count of forging an endorsement on a treasury check, a Class C felony under 18 U.S.C. § 510(a)(1). The applicable sentencing range was zero to six months' imprisonment. The district court sentenced him to no time in prison but to three years' probation.

On February 7, 2000, the United States Probation Office obtained a bench warrant for Olabanji based on numerous alleged probation violations. On April 10, 2000, Olabanji admitted to seven Grade C probation violations and waived his right to a hearing. The applicable policy statements [1] recommended a sentence of three to nine months' imprisonment. The district court upwardly departed from the recommended range, stating that Olabanji had "failed miserably" to live up to the conditions of his probation and had "flat out lied" to his probation officer. Olabanji appeals the district court's sentence of twelve months and one day. We review for abuse of discretion,[2] determining whether the sentence is "plainly unreasonable." [3]

## II. ANALYSIS

### A.

■ Olabanji first argues that the district court failed to set forth sufficient reasons for the upward departure from the three to nine month sentencing range recommended by the policy statements. We disagree.

■ A sentencing court has the authority to depart from the range recommended by policy statements. So long as a district court considers the policy statement, "it is free to reject the suggested sentencing range and may revoke a defendant's [probation] and impose a sentence that is below the statutory maximum." [4]

In determining Olabanji's sentence, the district court stated:

> The Court does feel that he was given a chance. Nobody says you get two chances and then maybe three chances. I was serious when I sent him on probation and expected him to abide by the terms and conditions of his probation. He has failed miserably in that regard. He has not been forthright to the probation officer, and maybe I should [not] even use fancy language. He flat out lied to him. That is not somebody who is going to get any consideration from the Court.
>
> He is not getting another chance. He had his chance. He blew it. And now he's going to have to face the consequences of having violated his probation.
>
> The Court feels that, therefore, going beyond the Guidelines [sic] of three to nine months is appropriate in this case. It is therefore the judgment of the

---

1. *See* U.S. Sentencing Guidelines Manual § 7B1.4 (2000).

2. *United States v. George,* 184 F.3d 1119, 1120 (9th Cir.1999).

3. 18 U.S.C. § 3742(e)(4) and (f)(2).

4. *United States v. Tadeo,* 222 F.3d 623, 625 (9th Cir.2000).

Court that the defendant is hereby committed to the custody of the Bureau of Prisons for a term of imprisonment of twelve months plus one day.

The district court considered the relevant policy statements, citing the range of three to nine months which they recommended. The court provided sufficient reasons to reject the recommended range and did not abuse its decision when it did so.

### B.

■ Olabanji next argues that the district court was required, after rejecting the range recommended by the policy statements, to consider the sentencing range applicable when he was originally sentenced for forgery. We agree.

Title 18 U.S.C. § 3565(a) instructs in relevant part:

If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may . . .

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

(2) revoke the sentence of probation and resentence the defendant under subchapter A.[5]

Subchapter A is codified at 18 U.S.C. §§ 3551–3561. In relevant part, it provides that:

(a). . . . The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed . . .

(3) the kinds of sentences available;

(4) *the kinds of sentence and the sentencing range established for—*

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . that are in effect on the date the defendant is sentenced; or

*(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code . . . .*

(b). . . . In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.[6]

We have interpreted § 3553(a)(4)(B), set forth above, to allow for sentencing under either the sentencing guidelines applicable to the underlying offense or the policy statements applicable to the probation violation. In *United States v. Plunkett*,[7] the defendant argued that sentencing under the policy statements was mandatory. We rejected that argument and held that the district court did not err when it determined that the policy statements were inadequate on the facts of the case and chose to sentence the defendant pursuant to the

---

**5.** 18 U.S.C. § 3565(a) (1994).

**6.** 18 U.S.C. § 3553(a) and (b) (emphasis added).

**7.** 94 F.3d 517 (9th Cir.1996).

sentencing guidelines applicable to the underlying offense instead.[8]

In this case, as in *Plunkett,* the district court determined that the policy statements were inadequate. However, unlike *Plunkett,* the district court in this case did not then revert for guidance to the sentencing guidelines' range for the underlying offense. Indeed, there is no evidence that the district court considered that range. We conclude that the district court erred by failing to consider the range applicable to the underlying offense after rejecting the range prescribed by the policy statements.

We acknowledge that § 3565(a)(2) might be read to require only the consideration of the policy statements *or* the sentencing guidelines, given the use of the disjunctive in § 3553(a)(4)(B). When read in conjunction with § 3553(b), however, we are convinced that the sentencing guidelines for the underlying offense, which is a "similar" offense under the terms of that section, must be considered as well. Nothing in the record suggests that the district court, after rejecting the range suggested by the policy statements, considered the Sentencing Guidelines for the underlying offense upon re-sentencing. Accordingly, we reverse and direct the district court to consider the sentencing guidelines range for the underlying offense as part of the calculus for imposing an appropriate term of incarceration.[9]

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

8. *Id.* at 519.

9. We note that once Sentencing Guidelines for probation revocation are formally promulgated, § 3553(b) will not apply and the requirements imposed upon district courts will be much more easily discernable.