UNITED STATES of America, Plaintiff–Appellee,

v.

Rodger E.A. TAYLOR, aka Roger E.A. Taylor, Defendant–Appellant.

No. 01–30037.

D.C. No. CR–94–00015–FVS.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 15, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

### MEMORANDUM **

Rodger Taylor appeals his 24–month sentence imposed upon revocation of pro-bation, subsequent to his underlying sentence of five years of probation, following a conviction for machine gun possession, in violation of 18 USC § 922(*o*). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

■ Taylor contends that the district court erred where it revoked probation and imposed a sentence in excess of 4–10 months, as provided in U.S.S.G. § 7B1.4, in light of Taylor's diminished capacity and his need to care for his developmentally challenged son. We find no abuse of discretion. *See United States v. Tadeo*, 222 F.3d 623, 625 (9th Cir.2000). Having explicitly acknowledged and considered the non-binding policy statements set forth in Chapter 7, the district court was well within its discretion to reject them in favor of a sentence authorized by the guidelines in effect at Taylor's initial sentencing. *United States v. Olabanji*, 268 F.3d 636, 2001 WL 1167572 at *2 (9th Cir. Oct.4, 2001).

■ The district court was not only well within its discretion to reject the Chapter 7 non-binding policy statements, it also was not bound by its previous decision to downwardly depart. *United States v. Plunkett*, 94 F.3d 517, 519 (9th Cir.1996) (as amended); *United States v. Redmond*, 69 F.3d 979, 982 (9th Cir.1995) (holding that 18 U.S.C. § 3565(a) authorizes district court to resentence defendant to any legal sentence that could have been imposed at original sentencing). The district court's subsequent imposition of a sentence less than that provided by the Federal Sentencing Guidelines therefore was proper.

AFFIRMED.

■

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.