**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Cenobio Herrera LANZ, Defendant— Appellant.**

**No. 00–50115.**

**D.C. No. CR–97–00206–GHK–1.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2002.*

Decided Feb. 6, 2002.

Before TROTT, THOMAS, and WARDLAW, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**MEMORANDUM \*\***

Defendant–Appellant Cenobio Humberto Herrera Lanz appeals the 36–month sentence the district court imposed upon the revocation of Lanz's supervised release.

**I**

Subsequent to the imposition of sentence in this case, we decided *United States v. Olabanji,* 268 F.3d 636, 638–39 (9th Cir. 2001) (holding that a district court that has rejected the range suggested by the policy statement must then consider the guideline sentencing range applicable to the underlying offense when sentencing for a revocation of probation). In *Olabanji,* we read 18 U.S.C. § 3565, the statutory basis for revocation of probation, in conjunction with 18 U.S.C. § 3553, in particular § 3553(b). 268 F.3d at 638–39. This subsection provides in part that when there is no applicable sentencing guideline, "the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses." We held that a violation of probation is "similar" to the underlying offense and therefore the guideline range applicable to the underlying offense must be considered. *Id.* at 639.

*Olabanji* directly concerned revocation of probation, rather than revocation of supervised release. However, the statutory provision at issue in *Olabanji* – § 3553(b) – applies equally to revocation of both probation and supervised release. *See, e.g., United States v. Musa,* 220 F.3d 1096, 1101 (9th Cir.), *cert. denied,* 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 469 (2000). Thus, remand is required so that the dis-

---

trict court may consider the impact, if any, of *Olabanji* on the term of Lanz's sentence.

## II

Lanz argues that he was sentenced in excess of the statutory maximum. He is mistaken. The maximum sentence which may be imposed under 18 U.S.C. § 3583(e)(3) is 36 months, which was the sentence Lanz received.

Based on this erroneous premise, Lanz also contends that his attorney ineffectively assisted him by neglecting to raise this argument. Because the sentence was not in excess of the statutory maximum, his claim of ineffective assistance of counsel concomitantly fails.

Lanz's claim that he was exposed to an ex post facto sentence fails because the relevant statutory provisions have been in effect since before Lanz committed the underlying offense.

We have carefully considered all of the other arguments raised by Lanz on appeal, and we have determined that none of them has merit.

REVERSED AND REMANDED FOR RE–SENTENCING.

---

1. Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.