UNITED STATES of America, Plaintiff—Appellee,

v.

Phillip COLE, aka Silly Cat, aka Philly Cat, aka Seal I, Defendant—Appellant.

No. Civ.A.02–50064.

D.C. No. CR–97–01057–R–9.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 20, 2002.*

Decided Oct. 15, 2002.

Before SNEED, SKOPIL, and FARRIS, Circuit Judges.

## MEMORANDUM**

Phillip Cole appeals the sentence imposed after revocation of probation. We agree with him that the district court failed to justify the sentence imposed, and accordingly, we reverse and remand for further proceedings.

Cole violated the terms and conditions of his probation. The district court was therefore entitled to "revoke the sentence of probation and resentence the defendant...." *See* 18 U.S.C. § 3565(a)(2). In

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

such instances, the Sentencing Guidelines contain policy statements that recommend sentencing ranges based on the grade of violation. *See* U.S.S.G. § 7B1.4. The district court is not bound, however, by these recommended ranges. Rather, "[s]o long as a district court considers the policy statement, it is free to reject the suggested sentencing range and may revoke a defendant's probation and impose a sentence that is below the statutory maximum." *See United States v. Olabanji,* 268 F.3d 636, 637 (9th Cir.2001) (internal quotation omitted). In doing so, the district court is required to consider the relevant policy statements, provide sufficient reasons for rejecting the recommended range, and consider the sentencing guideline range for the underlying offense, all prior to resentencing the defendant. *Id.* at 638–39.

The district court failed to comply with these requirements. Although the court was informed of the recommended guideline range, nothing in the record indicates that the court considered that guideline range or explained why it should be rejected. *See United States v. Tadeo,* 222 F.3d 623, 625 (9th Cir.2000) (noting that while U.S.S.G. § 7B1.4 is non-binding, "[a] district court abuses its discretion if it fails to consider these policy statements."). Moreover, nothing suggests that the district court considered "the sentencing guidelines range for the underlying offense as part of the calculus for imposing an appropriate term of incarceration." *Olabanji,* 268 F.3d at 639. These omissions require us to remand for resentencing. *See id.* Finally, the district court on remand should note that any term of supervised release imposed may not exceed the one-

year maximum provided by 18 U.S.C. § 3583(b)(3).

**REVERSED** and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.