**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Paul MITCHELL, Defendant– Appellant.**

**No. 01–50460.**

**D.C. No. CR–96–00692–SVW.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Paul Mitchell appeals his 24–month sentence imposed for violating the terms of his supervised release. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

■ The first issue raised is whether the district court erred when it based its sentencing determination in part on Mitchell's *nolo contendre* plea in state court to assault with a deadly weapon. We conclude that the district court did not err. *See Roberts v. United States*, 445 U.S. 552, 556, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980) (stating that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.") (internal quotations omitted).

■ The next issue raised is whether Federal Rule of Criminal Procedure 32.1 was violated when the district court considered a statement from the probation officer concerning an admission by Mitchell that he had possessed a weapon, which was brought to light for the first time at the disposition hearing. Because the gun possession was not alleged as a violation, and Mitchell was able to cross examine the probation officer, did not ask for a continu-

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ance and has not demonstrated that more advanced notice would have produced any other helpful evidence, we conclude that the district court did not err by considering the statement. *See* Fed.R.Crim.P. 32.1(a)(2) (providing that defendant must be provided written notice of the alleged violations and an opportunity to present evidence and question adverse witnesses).

The final issue raised is whether Mitchell's sentence should be vacated because the district court did not consider the guideline range for Mitchell's underlying offense when imposing sentence upon revoking his supervised release. We conclude that the district court did not abuse its discretion in this case where Mitchell's original term of imprisonment was 33 months. *Cf. United States v. Olabanji,* 268 F.3d 636, 638–39 (9th Cir.2001) (concluding that district court abused its discretion when it failed to consider the guideline range for the underlying offense when, upon revoking probation, district court sentenced defendant to term of imprisonment that was twice as long as the maximum sentence authorized by the underlying guideline).

**AFFIRMED.**