**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Matthew Lee DENNY, Jr.,**
**Defendant–Appellant.**

**No. 02–30110.**
**D.C. No. CR–01–00048–SEH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Matthew Lee Denny, Jr., a juvenile, appeals his sentence of imprisonment until his twenty-first birthday on March 6, 2004, imposed for violating the terms of his probation. Denny had previously pleaded guilty to committing an act of juvenile delinquency by commission of theft, in violation of 18 U.S.C. § 5031. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's decision, upon re-sentencing, to depart from the sentencing range recommended by the Sentencing Guideline policy statements, *United States v. Olabanji,* 268 F.3d 636, 637 (9th Cir.2001), and we affirm.

When rejecting the Sentencing Guideline policy statements, a district court

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Denny's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

must, prior to re-sentencing, consider the recommended sentencing range and provide sufficient reasons for rejecting it. *Id.* at 637–38. The district court complied with these requirements by reciting both the recommended range and the rationale for rejecting it. *See id.*

Denny's contention that the district court was required to provide notice before imposing a sentence outside the policy statement recommendation is unpersuasive because the recommendation is not a binding guideline. *See United States v. Tadeo,* 222 F.3d 623, 626 (9th Cir.2000) ("[U]nlike a sentencing guideline adopted by the United States Sentencing Commission, a policy statement setting forth a suggested sentencing range may be freely rejected by a district court without abusing its discretion, if the sentence actually imposed is within the statutory maximum."); *United States v. George,* 184 F.3d 1119, 1122 (9th Cir.1999) (reiterating that the guideline's "policy statements are merely advisory" and allow district courts flexibility in supervised release revocation proceedings) (citation omitted).

We are unpersuaded by Denny's contention that the district court erred by not applying the rule of lenity because he failed to articulate how the rule would apply to his case. *See United States v. R.L.C.,* 503 U.S. 291, 305–06, 112 S.Ct. 1329, 117 L.Ed.2d 559 (1992) (stating the rule of lenity commands that courts interpret ambiguous criminal statutes in favor of the defendant).

AFFIRMED.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.