**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro DOMINGUEZ, Defendant–
Appellant.**

No. 03–10264.

D.C. No. PT–98–00041–PGR.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

Timothy C. Holtzen, Esq., M. Malaika Rahi–Loo, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Gregory A. Bartolomei, Esq., FPDAZ–Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM **

Pedro Dominguez appeals the 48–month sentence imposed upon revocation of his probation. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm.

Dominguez contends that the district court should have required 'clear and convincing' evidence of his criminal conduct before revoking his probation and imposing a sentence in excess of the sentencing range set forth in the Chapter 7 Policy Statements. This contention lacks merit.

The district court applied the correct standard of proof in assessing Dominguez' alleged violations and did not abuse its discretion by revoking his probation. *See United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir.2003) (noting that a district court may revoke probation if it "finds by a preponderance of the evidence that the defendant violated a condition of [probation]"). Likewise, the district court did not abuse its discretion by imposing a 48–month sentence upon revocation because it expressly considered the guideline range for the underlying offense and imposed a sentence below the statutory five-year maximum. *See United States v. Olabanji*, 268 F.3d 636, 639 (9th Cir.2001) (concluding that if the district court rejects "the range prescribed by the policy statements[,]" it must "consider the range applicable to the underlying offense"); *United ed States v. Tadeo*, 222 F.3d 623, 626 (9th Cir.2000) (noting that the Chapter 7 policy statements "may be freely rejected by a district court without abusing its discretion, if the sentence actually imposed is within the statutory maximum").

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

