UNITED STATES of America,
Plaintiff—Appellee,

v.

Julie WHITE, a.k.a. Julie Mata,
Defendant—Appellant.

No. 02–10566.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 15, 2004.

Linda C. Boone, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Paul J. Mattern, Law Office of Paul J. Mattern, Phoenix, AZ, for Defendant–Appellant.

Before: O'SCANNLAIN, RYMER and BEA, Circuit Judges.

MEMORANDUM **

Julie White appeals the district court's revocation of probation for an underlying guilty-plea conviction for credit card fraud conspiracy, in violation of 18 U.S.C. § 1029(b)(2). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Counsel for appellant initially filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) stating that he found no meritorious issues for review, along with a motion to withdraw as counsel of record. We granted the motion to withdraw, appointed new counsel, and ordered further briefing on whether the district court, after revoking White's probation, erred by failing to consider the sentencing range for the underlying offense. *See United States v. Olabanji,* 268 F.3d 636, 639 (9th Cir.2001).

After further briefing and upon our review of the record, we conclude the district court complied with *Olabanji* and the relevant probation statutes. We find no reversible error in the district court's decision to depart upward from the sentencing range for the underlying credit card offense to a term within the statutory maximum. *See* 18 U.S.C. § 3742(e); *United States v. Phillips,* 356 F.3d 1086 (9th Cir. 2004) (recognizing de novo standard of review); *see also* 18 U.S.C. § 3553(a) (enumerating factors for district court to consider in imposing sentence).

White also challenges the district court's jurisdiction to revoke probation, because she was not arrested until after her probation term expired. We are unpersuaded, because 18 U.S.C. § 3565(c) only requires that the arrest warrant issue before the probation term expires; the federal government is not required to writ a defendant out of state custody and into federal custody for purposes of executing a violation warrant. *See United States v. Garrett,* 253 F.3d 443, 448 (9th Cir.2001).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.