**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10148 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00017-GMN |
| v. | MEMORANDUM[*] |
| CASEY GARRET TETER, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Casey Garret Teter appeals from the district court's judgment and challenges

the 16-month sentence imposed upon revocation of probation.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Teter contends that the district court procedurally erred by failing to consider

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the sentencing range under U.S.S.G. § 7B1.4, and by failing to explain why it imposed a sentence within the higher sentencing range applicable to Teter's underlying offense. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1008 (9th Cir. 2010), and there was none. The record reflects that the court was aware of the two sentencing ranges and chose to sentence Teter within the higher range in light of Teter's poor performance on probation and lack of mitigating circumstances. The court's explanation for the sentence was sufficient. *See United States v. Olabanji*, 268 F.3d 636, 637-38 (9th Cir. 2001).

Teter next contends that the district court based its sentencing decision on clearly erroneous facts regarding Teter's violations. There was no reversible error because, even if the court misspoke, the record reflects that it properly imposed sentence on the basis of Teter's multiple admitted violations. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (it is procedural error to "choose a sentence based on clearly erroneous facts").

Lastly, Teter contends that the district court's sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Teter's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing

16-10148

factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**