**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Denise VASQUEZ, Defendant–Appellant.**

**No. 98–50145.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 1998.

Decided Nov. 18, 1998.

Benjamin L. Coleman, Federal Defenders of San Diego, Inc., San Diego, California, for defendant-appellant.

Barbara L. Major, Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Before: BRIGHT,* REINHARDT, and RYMER, Circuit Judges.

RYMER, Circuit Judge:

Denise Vasquez appeals the district court's imposition of a two-year supervised release term following a custodial sentence imposed upon a revocation of probation. We have jurisdiction, 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

## I

On March 31, 1997, Vasquez was sentenced to three years of probation pursuant to her plea of guilty to possession of stolen mail in violation of 18 U.S.C. § 1708. One of the conditions of Vasquez's probation was that she reside at the Community Corrections Center ("CCC") for six months. After five months, Vasquez was terminated from the CCC program. Upon the CCC's agreement to take Vasquez back, the district court continued Vasquez on probation and ordered her to complete an additional two months and thirty-five days at the CCC. When Vasquez was again prematurely terminated from the CCC, the district court revoked her probation and sentenced her to a custodial term of three months and 32 days, followed by a two-

year term of supervised release. Vasquez timely appealed.

## II

Vasquez contends that the court erred because the statute governing revocation of probation, 18 U.S.C. § 3565, allows for the imposition of a custodial sentence, but does not allow for a term of supervised release. However, we have held that a district court may impose a period of supervised release after probation revocation. *United States v. Donaghe*, 50 F.3d 608, 614–15 (9th Cir.1995). Vasquez's contention that *Donaghe* is not controlling because § 3565 was amended in the meantime fails.

■ At the time *Donaghe* was decided, § 3565 provided that a court could "revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing." It now states that "[i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may ... revoke the sentence of probation and resentence the defendant under subchapter A." 18 U.S.C. § 3565(a)(2). The relevant statute in subchapter A authorizes a court to sentence an individual found guilty of an offense to "a term of imprisonment as authorized by subchapter D." 18 U.S.C. § 3551(b)(3). Section 3583 of subchapter D in turn states that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). The plain meaning of this language is that upon a revocation of probation, a court may impose a term of imprisonment followed by a supervised release term.

■ Vasquez reasons that § 3583 does not allow supervised release to be imposed for a probation revocation because it only authorizes supervised release terms for "a felony or a misdemeanor." 18 U.S.C. § 3583(a).

---

\* Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

However this is not persuasive, because that part of § 3583 is the same now as when *Donaghe* was decided. Moreover, it is settled that a probation revocation resubjects the violator to resentencing for the underlying crime; the sentence imposed is thus for the original criminal offense, rather than for the conduct that led to the revocation. *United States v. Clark,* 984 F.2d 319, 321 (9th Cir.1993) (per curiam).

■ Vasquez next argues that Congress changed all that since the 1994 amendment eliminated the clause "and impose any other sentence that was available under subchapter A at the time of the initial sentencing." She further submits that amended § 3565 should be read to preclude the imposition of a term of supervised release on resentencing after a probation revocation in light of Congress' contemporaneous amendment of 18 U.S.C. § 3583(h) specifically to permit supervised release terms to follow custodial sentences imposed upon a supervised release revocation. We disagree, because amended § 3565 continues to refer the court to subchapter A, which authorizes it to sentence in accordance with subchapter D. As we have held, this continues to give the court discretion to sentence a probation violator to the range of sentences available at the time of the original sentencing. *United States v. Plunkett,* 94 F.3d 517, 519 (9th Cir.1996); *see* H.R.Rep. No. 102–242(I), at 189 (1991) (stating that the amendment to subsection 3565(a)(2) "is intended to allow the court after revoking probation to sentence the defendant to any statutorily permitted sentence and not be bound to only that sentence that was available at the initial sentencing").

AFFIRMED.