the court to *consider* the relevant policy statements issued by the Sentencing Commission, the Commission having not seen fit to issue guidelines under § 994(a)(3). *See*, *e.g.*, *United States v. Lowenstein*, 108 F.3d 80, 84-5 (6th Cir. 1997); *United States v. West*, 59 F.3d 32, 35 (6th Cir. 1995). There is no indication that the district court failed to do so in this case.

In holding that Hudson's nine-month sentence was proper under the applicable statutes, we recognize that there is something of a split among the circuits on this issue. In reaching the result we do here, we are persuaded to follow the approach taken by the Fifth Circuit in *United States v. Pena*, 125 F.3d 285 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1527 (1998), as the better reasoned one, and thus to reject that of the Eighth Circuit in *United States v. Iversen*, 90 F.3d 1340 (8th Cir. 1996). *Iversen* appears to rest on a misinterpretation of a Ninth Circuit opinion, *United States v. Plunkett*, 94 F.3d 517 (9th Cir. 1996), which, contrary to the defendant's insistence on appeal, does not hold that the sentence imposed for a probation violation cannot exceed the sentence originally available.

For the reasons set out above, we AFFIRM the judgment of the district court.

---

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0113P (6th Cir.)
File Name: 00a0113p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————



UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*                                No. 99-1035

STEVEN HUDSON,
    *Defendant-Appellant.*

Appeal from the United States District Court for the Eastern District of Michigan at Ann Arbor.
No. 96-90043—George C. Steeh, District Judge.

Argued: February 4, 2000

Decided and Filed: March 30, 2000

Before: WELLFORD, BATCHELDER, and DAUGHTREY, Circuit Judges.

———————

### COUNSEL

**ARGUED:** David C. Tholen, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Mark W. Osler, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** David C. Tholen, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Mark W. Osler,

ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

———————

**OPINION**

———————

MARTHA CRAIG DAUGHTREY, Circuit Judge.  The defendant, Steven Hudson, appeals his sentence, imposed upon revocation of his probation, alleging that the district court erred in sentencing him to a term of incarceration in excess of the range applicable on the original charge.  For the reasons set out below, we affirm the district court's judgment.

In 1997, Hudson pleaded guilty to a charge of theft of government property and was sentenced to a term of two years' probation, plus payment of a special assessment and restitution.  He was subsequently charged with two separate violations of his conditions of probation.  After his second probation violation hearing, the district court revoked Hudson's probation and sentenced him to a term of nine months in custody, recommending placement in a community treatment center.  Hudson appeals this order, and he appeals the order denying his motion to correct sentence, pursuant to F.R.Cr.P. 35(c).  Because the district court did not rule on the motion to correct sentence within the time limits set by Rule 35(c), we have no jurisdiction to review that determination.  We note, moreover, that the gist of the defendant's complaint does not fall within the ambit of Rule 35(c), because the sentence in this case clearly was not "imposed as a result of arithmetical, technical or other clear error," as required by Rule 35(c).

Instead, the substantive question raised on appeal is whether the district court correctly applied §7B1.4 of the sentencing guidelines, in light of the legislative mandates of 18 U.S.C. § 3565 and 18 U.S.C. § 3553.  We review this question *de novo*.

The defendant insists that because the sentencing range for the underlying offense was 0-6 months, the district court could not impose a sentence greater than six months for violation of probation, despite the fact that the policy statement in Guideline § 7B1.4(a), which applies specifically to probation violations, provides for a sentencing range of 3-9 months.  At one time, this argument apparently would have had merit, because 18 U.S.C. § 3565(a)(2) formerly provided that in sentencing for a probation violation, the district court was authorized to impose any sentence that was available "at the time of the initial sentencing."  However, § 3565 was amended in 1994 to delete the phrase "at the time of initial sentencing."  Hence, the statute now authorizes the court to "revoke the sentence of probation and resentence the defendant under subchapter A."[1]

As a result, when assessing the penalty for a probation violation, the district court is not restricted to the range applicable at the time of the initial sentencing.  Instead, the sentence need only be consistent with the provisions of subchapter A, the general provisions for sentencing set out at 18 U.S.C. §§ 3553 *et seq.*  The specific provision of subchapter A that addresses sentencing for a probation violation is § 3553(a)(4)(B):

> The court, in determining the particular sentence to be imposed, shall consider . . . in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code.

Section 994(a)(3), however, deals only with the promulgation of guidelines and policy statements and in no way restricts the sentencing court to imposition of a sentence no greater than that originally applicable to the defendant. Moreover, as we have frequently pointed out, § 3553(a)(4)(B) merely directs

———————

[1] This amendment was in place at all times pertinent to the conviction and sentencing of the defendant in this case.