**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Olumuyiwa Ola OLABANJI, Defendant–Appellant.**

No. 00–50228.

United States Court of Appeals, Ninth Circuit.

Filed April 15, 2002.

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

Order; Dissent by Judge GRABER.

The panel has voted to deny the petition for panel rehearing. Judge T.G. Nelson and Judge Berzon vote to deny petition for rehearing en banc and Judge Beezer so recommends.

The full court was advised of the petition for rehearing en banc. A judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed. R.App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied.

GRABER, Circuit Judge, dissenting.

I respectfully dissent from the decision not to rehear this case en banc. The panel has construed an important sentencing statute in a way that contorts congressional intent, oddly constrains the authority of district courts, and creates a conflict with precedent in this and other circuits.

### A. *The Statutory Framework*

Title 18 U.S.C. § 3553 governs the factors that a district court is to consider in imposing sentence on a defendant. It provides, as pertinent here:

(a) ... The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

. . . .

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable

category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; *or*

(B) *in the case of a violation of probation or supervised release,* the applicable guidelines *or* policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

. . . .

(b) ... *In the absence of an applicable sentencing guideline,* the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2). *In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense,* the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.

(Emphasis added.)

Title 18 U.S.C. § 3565(a) provides:

If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and *after considering the factors set* forth in section 3553(a) to the extent that they are *applicable*—

(1) continue him on probation, with or without extending the term or

modifying or enlarging the conditions; or

(2) revoke the sentence of probation and resentence the defendant under subchapter A.

(Emphasis added.)

B. *The Panel's Decision is at Odds With the Statutory Text and Legislative History.*

The panel's opinion holds that, when a sentencing court departs from the sentencing range recommended by the policy statements when it is sentencing *upon revocation of probation,* it *must* also "consider the sentencing guidelines range for the underlying offense as part of the calculus for imposing an appropriate term of incarceration." *United States v. Olabanji,* 268 F.3d 636, 639 (9th Cir.2001). It reaches this result by reasoning that (1) there are no applicable sentencing guidelines for revocation of probation; (2) violation of probation is a " 'similar' offense" to the underlying offense; and (3) therefore, under § 3553(b), the court is required to consider the guideline range for the underlying offense. *Id.* at 638–39.

There are two textual problems with this reasoning. First, it does not track the statute. Section 3565(a), which applies to revocation of probation, points the sentencing court to 18 U.S.C. § 3553(a) *only.* Moreover, the wording of § 3565(a) recognizes that those factors may or may not be "applicable." In turn, 18 U.S.C. § 3553(a)(4) specifically applies whenever (1) there are applicable guidelines *or* (2) *the court is sentencing upon revocation of probation or supervised release.* By contrast, the portion of § 3553(b) on which the panel relied is merely a "catch-all" designed to address situations *not covered by* § 3553(a)(4). That is, *either* § 3553(a)(4) applies *or* § 3553(b) applies.

Second, it is a stretch to call a violation of probation a "similar offense" to the underlying offense. The underlying offense either does or does not have an applicable guideline, but the violation of probation generally is an act unlike the crime of conviction. *See United States v. Vasquez*, 160 F.3d 1237, 1239 (9th Cir.1998) (holding that the sentence imposed upon revocation of probation is "for the original criminal offense, rather than for the conduct that led to the revocation").

If the text of the statute were ambiguous, we next would examine the legislative history. That history confirms that § 3553(b) does not play any role in sentencing upon revocation of probation. When 18 U.S.C. § 3565, which governs sentencing upon revocation of probation, was amended to its present form, the House Report explained the process of sentencing upon revocation of probation:

Section 1903 amends 18 U.S.C. § 3565(a), which provides that if a defendant violates a condition of probation prior to the expiration or termination of the probation term, the court may, pursuant to the applicable Federal Rules of Criminal Procedure and *after considering the factors relevant to imposing a sentence as set out in 18 U.S.C. § 3553(a)*, continue the probation or revoke the probation and resentence the defendant. The amendment changes the power of the court by altering the language in subsection 3565(a)(2), which authorizes the court to revoke probation and resentence the defendant, from "impose any other sentence that was available under subchapter A at the time of the initial sentencing" to "resentence the defendant under subchapter A" of chapter 227. *This is intended to allow the court after revoking probation to sentence the defendant to any statutorily permitted sentence and not be bound to only that sentence that was available at the initial sentencing.*

H.R. Rep. No. 102–242(I), at 189 (1991) (emphasis added).

Thus, Congress plainly contemplated that, when a court is sentencing a defendant upon revocation of probation, the proper course—if the court opts not to continue probation—is for the court to consider the factors in § 3553(a) and to sentence the defendant to any sentence available under the statute of conviction. The court need not consider the applicable sentencing guidelines for the underlying offense pursuant to § 3553(b).

The practical effect of the panel's reading of the statute is to return the district court to the situation that obtained before the statute was amended to its current form. That is, the previous version of 18 U.S.C. § 3565(a) required that, upon revocation of probation, a defendant could be sentenced only to the range available at the time of the initial sentencing. The new version specifies that the defendant may be resentenced to any statutorily permitted sentence. *United States v. Plunkett*, 94 F.3d 517, 519 (9th Cir.1996).

In short, the panel's analysis contradicts both the natural reading of the statute and its legislative history.

## C. *The Panel's Opinion Creates a Circuit Split.*

The panel's decision conflicts with cases from other circuits.

In *United States v. Pena*, 125 F.3d 285, 287 (5th Cir.1997), for example, the court rejected the defendant's argument that, upon revocation of probation, the district court was required to sentence him within the applicable Sentencing Guideline range for the underlying offense. It held that, because there were no guidelines for sentencing upon revocation of probation, it would uphold any sentence that was not "plainly unreasonable." *Id.* at 287–88.

Earlier, the Fifth Circuit had addressed the same issue, with the same result. In *United States v. Teran*, 98 F.3d 831, 836–37 (5th Cir.1996), the court considered the adequacy of the district court's consideration of the statutorily required factors. Among other things, the court held that, "[a]fter finding that a defendant has violated a condition of probation, a court must consider the factors listed in *18 U.S.C. § 3553(a)* in deciding whether to revoke probation and in determining the particular sentence to be imposed." *Id.* at 836 (emphasis added). The Fifth Circuit further held: "Because there are no applicable guidelines for sentencing after revocation of probation, *see* U.S.S.G. Ch. 7, Pt. A.1 ('At this time, the Commission has chosen to promulgate policy statements only.'), we will uphold Teran's revocation and sentence unless it is in violation of law or is plainly unreasonable." *Id.*

Similarly, in *United States v. Barker*, No. 98–2044, 187 F.3d 638, 1999 WL 551347, at *2 (6th Cir. July 19, 1999) (per curiam) (unpublished disposition),[1] the Sixth Circuit held that the district court is not bound by the Sentencing Guideline range for the underlying offense when sentencing upon revocation of probation. It concluded that it would uphold any sentence that was legal and reasonable. *Id.*

In all, five other circuits have held that, upon revocation of probation or supervised release, a court has the power to impose any sentence, so long as (a) the sentence is not unreasonable and (b) the court has considered the relevant policy statements contained in Chapter 7 of the United States Sentencing Guidelines.[2] Because *Olabanji* creates an additional and separate step in the resentencing process—the consideration of the guidelines applicable to the original offense—it is in conflict with those holdings.[3]

D. *The Panel's Opinion is Inconsistent With Earlier Ninth Circuit Cases.*

The panel's decision purports to apply *Plunkett, Olabanji*, 268 F.3d at 638–39, but fails to give full effect to that decision. In the present case, the panel "acknowledge[s] that § 3565(a)(2) might be read to require only the consideration of the policy statements *or* the sentencing guidelines, given the use of the disjunctive in § 3553(a)(4)(B)," but declines to read it that way. *Id.* at 639 (emphasis in original). *Olabanji's* holding is the very opposite of what this court said in *Plunkett:*

> Before the amendments, policy statements were binding on courts because they interpreted mandatory guidelines. Now, because section 3553 incorporates policy statements by name, policy statements are independently mandatory. However, the new language names the policy statements in the disjunctive: a sentencing court may consider the guidelines *or* the policy statements. Thus, the result of [*United States v.*] *Forrester*[, 19 F.3d 482 (9th Cir.1994),]

**1.** Under Sixth Circuit Rule 28(g), citation of unpublished opinions *is permitted for precedential purposes* if there are no published opinions that would serve as well.

**2.** *See, e.g., United States v. Huusko*, 275 F.3d 600, 603 (7th Cir.2001); *United States v. Hudson*, 207 F.3d 852, 853–54 (6th Cir.) *cert. denied*, 531 U.S. 890, 121 S.Ct. 214, 148 L.Ed.2d 151 (2000); *United States v. Schwegel*, 126 F.3d 551, 554–55 (3d Cir.1997) (per curiam); *United States v. Pena*, 125 F.3d 285, 287 (5th Cir.1997); *United States v. Hurst*, 78 F.3d 482, 484 (10th Cir.1996).

**3.** While it is debatable whether our earlier decision in *United States v. Plunkett*, 94 F.3d 517 (9th Cir.1996), conflicts with cases from other circuits, *compare Hudson*, 207 F.3d at 854 (stating that *Plunkett* does not conflict with cases in other circuits), *with Pena*, 125 F.3d at 287 (stating that *Plunkett* does create a circuit split), *Olabanji* clearly diverges from the approach adopted by other circuits.

**1118**

remains intact. A sentencing court may rely upon either the guideline or policy statements in resentencing probation violators under section 3553.

94 F.3d at 519 (italics original; underscoring added).

Similarly, the panel's opinion is inconsistent with the reasoning of *Vasquez,* which emphasizes the sentencing court's discretion to sentence a probation violator to any statutorily permissible range. 160 F.3d at 1239. And in *United States v. Musa,* 220 F.3d 1096, 1101–02 (9th Cir.), *cert. denied,* 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 469 (2000), we held that a district court fully discharges its statutory duty when imposing a revocation sentence by considering the applicable policy statements.

Finally, *Olabanji* creates an intra-circuit tension with *United States v. George,* 184 F.3d 1119, 1121–22 (9th Cir.1999). *George* contains the following passage, which contradicts Part II(B) of the panel's decision here:

> The purpose of the 1994 amendments was to clarify that *resentencing for probation* and supervised release violations *should be based upon sentencing guidelines and policy statements issued by the Commission specifically for that purpose, rather than upon the guidelines applicable to the initial sentencing for the original offense.*

(Citations and internal quotation marks omitted) (emphasis added).

In short, none of our previous cases has required a sentencing court to consider *both* the policy statements *and* the guidelines applicable to the original offense when the court imposes a revocation sentence.

E. *Conclusion*

Nothing in 18 U.S.C. §§ 3553 and 3565 requires a district court, when sentencing a defendant upon revocation of probation, to consider the Sentencing Guideline range

for the underlying offense *in addition to* the applicable policy statements pertaining to revocation of probation. The panel's decision creates a duty for district courts that Congress did not, and it takes us out of the mainstream of other circuits' (and our own past) interpretation. For these reasons, I dissent from the decision not to rehear this case en banc.