**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mark Ira TANNENBAUM,
Defendant—Appellant.**

**No. 02–10522.**

**D.C. No. CR–01–00385–1–JMR.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2003.*

Decided April 11, 2003.

Before CHOY, SNEED, and SKOPIL, Circuit Judges.

**MEMORANDUM***

Mark Ira Tannenbaum appeals the imposition of a sixteen-month sentence, fol-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

lowed by a two-year period of supervised release for a probation violation. He argues that the combined term of imprisonment and supervised release erroneously exceeds the limit set forth in 18 U.S.C. § 3583(h). He also argues that the district court did not adequately consider his medical condition when it denied his request for a downward departure. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## DISCUSSION

### 1. *Length of Sentence and Supervised Release Term*

Tannenbaum's first claim of error is that his overall sentence of imprisonment and supervised release could not exceed three years under 18 U.S.C. § 3583(h). While this statute limits any period of incarceration and supervised release to the original term of supervised release applicable to the underlying offense, the statute applies only to supervised release revocations. The statute governing probation violations, 18 U.S.C. § 3565(a)(2), provides that if a defendant violates a condition of probation, the court may "revoke the sentence of probation and resentence the defendant under subchapter A." This provision authorizes a district court, upon finding a violation of probation, to sentence a defendant to any term of imprisonment and supervised release that was available at the time of the original sentencing. *See United States v. Vasquez*, 160 F.3d 1237, 1238 (9th Cir.1998); *United States v. Plunkett*, 94 F.3d 517, 519 (9th Cir.1996).

Because the district court's sentence was within the range of sentences available at the time of the original sentencing, there was no error.

### 2. *Departure Considerations*

Tannenbaum also claims that the district court did not "properly" consider his medical condition in assessing whether a departure was warranted. His argument is belied by the record. The transcript of the dispositional hearing reveals that the district court expressly considered Tannenbaum's medical evidence and that the court's decision not to grant a downward departure was based upon the exercise of its discretion. Tannenbaum's medical circumstances were also fully addressed in the original presentence report and by the district court at the original sentencing hearing. Such a discretionary refusal to depart is unreviewable on appeal. *United States v. Pizzichiello*, 272 F.3d 1232, 1239 (9th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 206, 154 L.Ed.2d 84 (2002).

**AFFIRMED.**