

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2003

# USA v. Albright

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1478

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Albright" (2003). *2003 Decisions.* Paper 387.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/387

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1478

UNITED STATES OF AMERICA

v.

KARL ALBRIGHT,
                                        Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 01-cr-00089
(Honorable Yvette Kane)

Argued February 25, 2003

Before:  BECKER, *Chief Judge*, and SCIRICA**, *Circuit Judges*,
and SHADUR, *District Judge***

(Filed :  July 7, 2003)

_____

*Judge Becker completed his term as Chief Judge on May 4, 2003.

**Judge Scirica succeeded to the position of Chief Judge on May 4, 2003.

***The Honorable Milton I. Shadur, United States District Judge for the Northern
District of Illinois, sitting by designation.

ANTHONY T. McBETH, ESQUIRE (ARGUED)
407 North Front Street, First Floor
Harrisburg, Pennsylvania 17101

     Attorney for Appellant


CHRISTIAN A. FISANICK, ESQUIRE (ARGUED)
Office of United States Attorney
235 North Washington Avenue, Suite 311
P.O. Box 309
Scranton, Pennsylvania 18501

THEODORE B. SMITH, III, ESQUIRE
Office of United States Attorney
Federal Building, Suite 220
228 Walnut Street
P.O. Box 11754
Harrisburg, Pennsylvania 17108

     Attorneys for Appellee

---

OPINION OF THE COURT

---

SCIRICA, *Circuit Judge*.

Defendant Karl Albright challenges his resentencing following his violation of probation. He contends the District Court erred in basing his sentence on a Sentencing Guidelines enhancement for the use of a computer in connection with a child pornography offence. We will vacate the judgment of sentence and remand.

2

I.

In 1999, Albright—twenty-one years old and living with his parents—used a device called "WebTV"[1] to access the internet. The device—an "Internet-access device"—is an electronic box that connects to a television set, permitting the user to exchange e-mail and to view internet sites on his television. The version used by Albright contained no hard drive or other enduring storage capabilities. Albright could not, therefore, download information from the internet to store on a hard drive. Nor could he operate the device to run software other than the software contained in the device allowing internet access.

At that time, police in Dallas, Texas were conducting an internet sting operation designed to catch those involved in the distribution of child pornography, including its consumers. Albright—using his WebTV—responded to an advertisement he found in a newsgroup. Over the course of two weeks, Albright corresponded by e-mail with a Dallas detective concerning video tapes for sale. Ultimately, Albright requested a list of tapes containing girls aged five to fifteen engaged in sexual acts. The detective responded with a list of tapes from which Albright ordered a tape, sending a fifty-dollar money order to the detective.

Albright received a tape some time later. Because it was for use in a sting operation, it contained only a few minutes of footage. After viewing it, Albright

---

[1] The current version of what was WebTV is now sold under the name "MSNTV."

3

responded by sending the detective an angry letter claiming he had been taken advantage of.

Following his initial contact with Albright, the Dallas detective contacted the United States Postal Inspection Service. After the tape was delivered, a search warrant was executed at Albright's parents' house. The videotape was found in Albright's videocassette recorder, having been viewed.

On March 30, 2001, under a written plea agreement, Albright pleaded guilty to one count of possessing child pornography that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252(a)(4)(B). The statute authorizes up to five years' imprisonment or probation. § 2252(b)(2).

Albright's presentence report calculated his total offense level at sixteen. His base offense level was fifteen. U.S.S.G. § 2G2.4. But two enhancements were recognized as applicable. First, because the pornographic material involved a minor under the age of twelve, a two-level enhancement applied. § 2G2.4(b)(1). Second, because the probation office determined that Albright's possession "resulted from the defendant's use of a computer," another two-point enhancement was recommended. § 2G2.4(b)(3). The adjusted offense level of nineteen was reduced by three points for acceptance of responsibility, resulting in the total offense level of sixteen, and a guideline range for a defendant with no significant criminal history of twenty-one to twenty-seven months in prison.

Albright objected to the enhancement for "use of a computer," an objection in which the government concurred. The government also moved, under section 5K1.1 of the Sentencing Guidelines, for a downward departure based on defendant's substantial assistance to law enforcement. The motion suggested the departure be at least one level, but acknowledged that the court might want to depart further.

The District Court rejected Albright's and the government's position with respect to Albright's use of a computer. The court accepted the parties' claim that the WebTV device is not itself a computer, but stated, "It is obviously connected to some computer somewhere or would be of no use to anybody in connecting to the internet, so there is a computer here as I see it." The court adopted the presentence report's calculation of the sentencing guidelines.

Nevertheless, the court substantially departed downward from this calculation, stating "Mr. Albright is not the typical offender that I have seen in these cases." The court sentenced Albright to five years' probation. He was required to reside at a community corrections facility (half-way house) for the first six months, followed by four months' house arrest. Albright was permitted to continue working at a drug store during his stay at the half-way house.

Albright served the first part of his sentence at Conewago Wernersville Half-Way House in Wernersville, Pennsylvania. Albright acknowledged that he was told that he could not possess pornographic materials at the half-way house. Nevertheless, during a

routine search of residents' possessions, the staff found and confiscated several pornographic magazines from Albright. Although some apparently focused on young women, none of the materials contained child pornography.

On January 15, 2002, Albright was removed from the half-way house and expelled from the program for possessing pornography. The director of the facility cited a rule that reads, in part, "No resident may possess or bring into the facility any written or pictorial material that would encourage illegal behavior, particularly violence, drug use, or sexual contact."

Albright contended he did not violate this rule because there was no basis for concluding that his possession of sexually explicit material "would encourage illegal behavior." Accordingly, he argued that his expulsion from the facility was wrongful. The District Court disagreed, concluding that Albright's failure to abide by the half-way house's rules constituted a violation of probation. At a January 24, 2002 hearing, the District Court revoked Albright's probation.

The court resentenced Albright, imposing a period of incarceration it understood to be authorized by the original guideline determination prior to the court's downward departure—twenty-four months. The District Court stated:

> In spite of substantial consideration from the Court at the time of the initial sentencing, Mr. Albright violated the rules of the Warnersville facility in his unsuccessful discharge from that facility. In light of the nature of Mr. Albright's criminal conviction and his subsequent possession of prohibited pornographic materials in the community correction center, a sentence of 24 months, *which is within the original sentencing guideline range*, is believed

necessary to sanction Mr. Albright, to deter others, to promote respect for the law and to protect the community. (Emphasis added).

Albright appealed the sentence.

## II.

Albright contends the twenty-four-month sentence imposed was not, as the District Court stated, within the original guidelines, because the District Court had erred in calculating the offense level at sentencing. Had the District Court not found that Albright used a computer in connection with his offense, his offense level would have been fourteen, which provides a range of fifteen to twenty-one months' incarceration. Consequently, Albright argues, the twenty-four-month sentence imposed by the court was outside of the original guideline range and was, for that reason, impermissible.

The government disputes the merits of Albright's claim. But the government also contends the District Court's sentence is not now subject to review.[2] Our review of criminal sentences is limited by statute. Under 18 U.S.C. § 3742(a),[3] we may inquire only

_____

[2]The government speaks of Albright's claim being "moot." But mootness, as commonly understood in this context, addresses whether there is a live underlying controversy between the parties. Albright has not completed the requirements of his sentence, so there is no question of mootness here.

[3]The statute provides:
A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or
(3) is greater than the sentence specified in the applicable guideline range to
(continued...)

7

into whether the sentence was "imposed in violation of law," "as a result of an incorrect application of the sentencing guidelines," or was "plainly unreasonable." The government contends there is no basis for challenging a sentence for violation of probation based on the original guidelines under this framework.[4]

## III.

Before September 1994, when courts revoked probation, they were required, in most cases, to impose a sentence "that was available under subchapter A at the time of the

---

[3](...continued)
> the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a).

[4]The government also contends Albright cannot challenge the District Court's determination that he had used a computer in connection with his offense because he failed to appeal his original sentencing. (As noted, at sentencing, Albright protested the computer enhancement.) Because the court initially imposed a probationary sentence, there was no reason for Albright to challenge that sentence. In any event, on these facts we believe Albright may appeal his later sentence.

The cases cited by the government in support of its position address the ability to challenge, following revocation, *conditions* of supervised release or of probation. *See United States v. Loy*, 237 F.3d 251, 256-58 (3d Cir. 2001) (recognizing ability to "consider the legality of conditions of supervised release at the time of their imposition, rather than only in the context of an appeal from a revocation proceeding"); *United States v. Stine*, 646 F.2d 839, 844 (3d Cir. 1981) (mentioning fact that defendant had not appealed challenged condition of probation at time of sentence in declining to consider appeal). Albright, by contrast, is not challenging a condition of his probation or any other condition imposed upon him at the original sentencing hearing.

8

initial sentencing." 18 U.S.C. § 3565(a)(2) (1993). We interpreted this section as requiring that "the sentence imposed upon revocation of probation cannot exceed the sentencing range available at the time of the initial sentencing for the underlying crime. " *United States v. Boyd,* 961 F.2d 434, 438 (3d Cir. 1992). But the statute was amended in 1994. Under the amended statute, courts are required only to "resentence the defendant under subchapter A." 18 U.S.C. § 3565(a)(2). Subchapter A requires a sentencing court to "consider … in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission." § 3553(a)(4)(B). As we discuss, at issue here are "policy statements," not guidelines. With respect to 18 U.S.C. § 3565(a)(2), every appellate court to address the issue has read the current statute to mean that "the district court is not restricted to the range applicable at the time of the initial sentencing." *United States v. Hudson*, 207 F.3d 852, 853 (6th Cir. 2000); *see also United States v. Tschebaum*, 306 F.3d 540 (8th Cir. 2002); *United States v. Cook*, 291 F.3d 1297 (11th Cir. 2002); *United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997) (Section 3565(a)(2) "plainly permits a district court to begin the sentencing process anew and to impose any sentence appropriate under the provisions of subchapter A.").

We agree that § 3565(a)(2) no longer imposes an explicit limit on a sentence imposed after a probation violation. In other words, this section does not restrict the court at resentencing after a violation of probation to the upper sentencing range available at the time of the initial sentencing. The amended statute requires only that courts consider

9

the guidelines and policy statements in the United States Sentencing Commission Guidelines Manual.

Here, the Sentencing Manual recommends a sentence range of three to nine months for Albright's violation of probation. U.S.S.G. § 7.B1.4. But these are not true "guidelines" for sentences for revocation of probation. Instead, the Sentencing Commission has chosen to issue non-binding "policy statements" governing sentencing for violation of probation and supervised release. U.S.S.G. § 7. "The Sentencing Commission has not yet promulgated any binding probation revocation guidelines; instead, the Sentencing Commission has opted for the flexibility of advisory policy statements, which are nonbinding on the courts." *Cook*, 291 F.3d at 1301.

In sum, 18 U.S.C. § 3565(a)(2) contains no limits on sentences for violation of probation and requires courts only to "consider" the guidelines and policy statements of the Sentencing Commission. The Sentencing Commission has chosen only to promulgate non-binding recommendations for the appropriate sentence. Accordingly, neither the statute nor the Guidelines contain express restrictions on such sentences.

A.

But this does not end our consideration of Albright's claims. We may still consider whether the sentence was contrary to law and whether it was plainly unreasonable.

The statute provides that the district court "*shall* consider" any policy statements by the Sentencing Commission. 18 U.S.C. § 3553(a)(4)(B) (emphasis added). In

10

resentencing here, the District Court stated that its determination was made "after having considered the policy statements in Chapter 7."

District courts are also required to consider general sentencing considerations set forth in § 3553(a). In the District Court's explanation for its sentence, prominent was its statement that it viewed the twenty-four-month sentence as being "within the original sentencing guideline range." Thus, despite that under §§ 3565 and 3553, the District Court was not required to consider the initial guidelines, nor was it restricted by the upper limits of the original guidelines, it appears that the court's interpretation of the original guidelines played an important—perhaps determinative—role in the court's choosing a twenty-four-month sentence—a sentence in the middle of what the District Court understood to be the sentencing guideline range. Accordingly, whether or not the sentence was imposed in violation of law, it appears to have been largely based on what may have been an erroneous interpretation of the Sentencing Guidelines, resulting in a sentence the District Court may not have intended.

The District Court did not find, and the government does not argue, that a WebTV device is itself a computer within the meaning of section 2G2.4(b)(3) of the Sentencing Guidelines. Nevertheless, the District Court still found the enhancement to apply, stating, "I don't think that this MSNTV device is in and of itself a computer. It is obviously connected to some computer somewhere or would be of no use to anybody in connecting to the internet, so there is a computer involved here as I see it."

It is possible that the District Court may have adopted too broad a view of the scope of this enhancement. Two considerations guide our views. First, that a device is connected to a computer does not necessarily mean that the user of that device has "used" a computer. A person may use his telephone to connect to a computerized telephone ordering system. But it does not necessarily follow that he had "used a computer" in any common-sense meaning of that phrase. On the other hand, it may be possible to use a computer remotely. Using a device to operate a remote computer in the same ways that the computer would be operated by a local user might well amount to "use of [that] computer." Whatever the extent of this category, however, merely connecting to a computer—or having a computer "involved"—may not be enough to warrant enhancement for "use of a computer."

Viewing the provision in the context of other guidelines supports a narrow approach. Notably, the Sentencing Commission's has used the term "Internet-access device" in section 2G2.1, which applies an enhancement for "the use of a computer *or an Internet-access device*" in the sexual exploitation of a minor. (Emphasis added). The Sentencing Commission could have done the same in 2G2.4(b)(3), but did not. It appears the commission did not view use of an Internet-access device as necessarily involving the use of a computer. But the District Court's view implies that the use of an Internet-access device necessarily involves the use of a computer, which would render the additional phrase in section 2G2.1 redundant.

12

We also recognize that any remaining ambiguity should be resolved in favor of Albright. "The Sentencing Guidelines are read according to the canons of statutory interpretation," *United States v. Johnson*, 155 F.3d 682, 683 (3d Cir.1998), including "the established rule of construction that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *United States v. Rosenberg*, 806 F.2d 1169, 1176-77 (3d Cir. 1986) (quotation omitted). Accordingly, "where, as here, the Guidelines do not clearly call for enhancement, the rule of lenity should prevent the application of a significantly increased sentence." *United States v. Fenton*, 309 F.3d 825, 828 n.3 (3d Cir. 2002).

In light of this, we think the best course is to permit the District Court the opportunity to reexamine Albright's sentence. If the District Court did view its understanding of the original guidelines as playing a role in determining Albright's sentence, the court may wish to revisit the applicability of section 2G2.4(b)(3) to users of Internet-access devices. Such consideration should take into account that merely connecting a non-computer to a computer may not necessarily imply the use of a computer. The District Court should also consider the Sentencing Commission's apparent different treatment of Internet-access devices and computers, as well as the rule of lenity. The District Court is not bound by section 2G2.4(b)(3). Nor is the District Court precluded from considering alternatives to further incarceration in resentencing Albright.

13

For the foregoing reasons, we will vacate defendant's sentence and remand for reconsideration of the sentence.

TO THE CLERK:

Please file the foregoing opinion.

<u>Anthony J. Scirica</u>
*Chief Judge*