NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0086n.06
Filed: February 4, 2005

No. 04-1796

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA

    Plaintiff-Appellee,

    v.

KEVIN ARTHUR PARKER,

    Defendant-Appellant.

On Appeal from the United
States District Court for the
Western District of
Michigan, Southern Division

---

**Before:** **BOGGS, Chief Judge; CLAY, Circuit Judge; WALTER, District Judge**[*]

**PER CURIAM.** Defendant-Appellant, Kevin Arthur Parker (hereinafter "Parker"), appeals the ten-month sentence he received when the District Court revoked Parker's probation. Parker asserts that his sentence was plainly unreasonable since it was allegedly based on unproven assumptions by the court: that he had never served any time in prison prior to this sentence; and, the District Court failed to consider alternatives to imprisonment. This Court finds that the District court's decision to revoke Parker's probation and sentence him to ten months' imprisonment was not an abuse of discretion, and AFFIRMS Parker's sentence.

**I.**

After pleading guilty to making false statements in the acquisition of a firearm, contrary to

---

[*]The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

18 U.S.C. §922(a)(6), defendant, Kevin Parker ("Parker"), received a sentence of three years' probation on May 20, 2002. Parker's original sentencing guideline range was 0 - 6 months.

In September 2002, Parker pled guilty to violating his probation by possessing and using marijuana, associating with others engaged in criminal activity and frequenting places where controlled substances were sold. His probation was continued and he was ordered to participate in testing and treatment for drug abuse as directed.

In May 2004, the Probation Department filed a Petition for Warrant alleging that Parker had been arrested for drunk driving in Union City, Michigan, at which time he had a blood alcohol level of 0.15%.

At a hearing on June 16, 2004, Parker admitted he drank rum and coke at his girlfriend's house. Parker also admitted he could not control how much he drank. Parker planned to control his problem by attending AA meetings. The Court accepted his plea and found him guilty.

The Court specifically found, after citing defendant's two previous incidents in federal court (his initial charge and the first violation), that defendant was "not amenable to supervision" and that Parker did not handle supervision well. Joint Appendix ("J.A."), p. 47.

The Court sentenced Parker to serve ten months in prison with no supervised release to follow. This timely appeal followed.

## II.

This Court reviews a district court's decision to revoke supervised release for an abuse of discretion. United States v. Webb, 30 F.3d 687, 688 (6th Cir. 1994); United States v. Stephenson, 928 F.2d 728, 731 (6th Cir. 1991). The Court "will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant

statutory factors and is not plainly unreasonable." United States v. McClellan, 164 F.3d 308, 309

(6th Cir. 1999).

The court's sentence must reflect consideration of U.S.S.G. Chapter 7 policy statements and

the factors listed in 18 U.S.C. § 3553. McClellan, 164 F.3d at 309-10. The policy statements from

Chapter 7 recommend a range of 4-10 months for an individual with Parker's violation category (C)

and criminal history (II). U.S.S.G. §7B1.4; J.A., pp. 19-20. However, the policy statements are

merely advisory and do not bind the district court. Webb, 30 F.3d at 689.

In the absence of controlling guidelines, the district court's sentence must reflect

consideration of certain factors listed in §3553, and may not be plainly unreasonable. See 8 U.S.C.

§ 3565(a)(2)[1] & 3553. The relevant factors listed in §3553 include: the nature of the offense; the

need to deter criminal conduct, to protect the public, and to provide defendant with appropriate

treatment; any guideline range for sentencing; guideline policy statements; and avoidance of

unwarranted disparities. Id.; United States v. Washington, 147 F.3d 490, 491 (6th Cir. 1998). While

the district court need not follow a "ritualistic incantation" of the relevant factors, the court must

articulate enough of its reasoning to allow informed appellate review. McClellan, 164 F.3d at 310;

Washington, 147 F.3d at 490.

In his appeal, defendant asserts that his 10-month sentence was plainly unreasonable since

it was "based, in part, on an assumption about the number of times the defendant had driven drunk,

without any proof, and where it sent a man to prison for ten (10) months who previously had never

---

[1]Prior to 1994, 18 U.S.C. § 3565(a)(2) provided that in sentencing for a probation violation, the district court was authorized to impose any sentence that was available "at the time of the initial sentencing." However, §3565 was amended in 1994 to omit that qualifying language. Now, the statute authorizes the court to "revoke the sentence of probation and resentence the defendant under subchapter A," the general provision for sentencing set out at 18 U.S.C. §§3553, *et seq*. See United States v. Hudson, 207 F.3d 852, 853 (6th Cir. 2000).

served any time in prison at all and where his original sentencing guideline was 0-6 months." See

Appellant's Brief, p. 7. Defendant also asserts that the District Court failed to consider alternatives

to imprisonment.

In the case *sub judice*, the District Court specifically noted that the revocation hearing at

issue was the defendant's second:

> THE COURT: And isn't it true that when your last supervised release violation occurred the probation officer recommended ten months and I gave you nothing?
>
> THE DEFENDANT: Yes.
>
> THE COURT: So this is how you pay me back?

J.A., p. 29. In finding that defendant was not amenable to alternative treatments, the sentencing

court further stated that:

> I'm discouraged. I'm not mad. . . . I'm upset with my own lack of ability to foresee what would happen to you. You actually had two experiences in court and you walked on both of them, at least for the federal court. The Indiana judge let you be on probation, that doesn't happen very often in federal court anymore because of the sentencing guidelines. Then you came in front of me for using marijuana, and I let you go again. Then you came back. That tells me that you are not amenable to supervision, you really don't do supervision well. Why, I don't know, and you don't know why you drink. . . . Most people would rather be supervised than be in jail, and I don't think that's true of you, I don't know why. I don't think AA is ever going to be of help to you. I don't think you want to quit . . . .
>
> In terms of being a danger to society, and my theory is that every time a person is caught for drunk driving they probably have driven drunk 50 times. You don't get caught every time, you get caught only once in a while. So I wouldn't have any idea how many times you've been drunk and driving a car I have no idea. The

> danger part is that when you test as high as .15 [2], which when I was a lawyer was the number for being drunk and driving, that number has been reduced now in May to I think .018, I'm not sure, and that means you're twice past the limit.

J.A., pp. 22-23.

Although defendant argues that the District Court based defendant's top of the guideline range sentence on the unproven allegation that defendant had "probably driven drunk 50 times," the transcript of the hearing, as quoted above, establishes otherwise. The District Court examined several of the considerations listed in §3553, such as the nature of Parker's offenses, the need for deterrence, the history of the defendant and the need to protect the public from Parker's criminal activity. See Washington, 147 F.3d at 491. Defendant notes in his appellate brief that "most of the cases hold that if a sentence is within the guideline range it cannot be plainly unreasonable." Appellant's Brief, p. 10. Further, defendant asserts that the Court should examine the aforementioned conclusion because "it flies in the face of the Court's duty to individualize sentences." Id.

Contrary to defendant's assertions, the District Court did individualize Parker's sentence. Parker was given two opportunities to "walk" and failed to uphold his end of the deal. The District Court clearly stated its reasons for the ten-month sentence imposed. The sentence was within the range recommended by Probation.

Accordingly, the District Court's sentence is AFFIRMED.

---

[2]During the revocation hearing, Parker admitted to drinking a pint of rum in an hour and a half. J.A., p. 29.