**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0046n.06

**No. 08-5752**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | **Jan 19, 2011** |
| Plaintiff-Appellee, | ) | LEONARD GREEN, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROBERT E. COLE, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | **O P I N I O N** |

**BEFORE:  MOORE and STRANCH, Circuit Judges; and COHN, District Judge.**[*]

**AVERN COHN, District Judge**.  This is a criminal case.  Defendant-Appellant Robert Cole ("Cole") appeals from the custodial sentence of 120 months imposed on him following revocation of his probation.  Cole argues that his sentence is procedurally and substantively unreasonable.  For the reasons that follow, Cole's sentence will be affirmed.

**I.**

Cole is a native of Kentucky.  For most of his adult life, he was a farmer until his retirement in roughly 2000.  In 2002, at the age of 61, Cole was indicted, along with several co-defendants, in the District of South Carolina for participation in a large scale conspiracy to manufacture and sell methamphetamine.  The conspiracy operated out of several counties in South Carolina.  Cole's role

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

was to supply anhydrous ammonia used in the manufacture of methamphetamine to members of the conspiracy. As a retired farmer, Cole regularly kept anhydrous ammonia on his farm for use as fertilizer.

On September 2, 2003, Cole plead guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). According to the presentence report, his guideline range for the offense was 46-57 months. Although Cole faced a statutory minimum term of imprisonment of 120 months, Cole qualified for the safety valve, which allowed for a sentence within the guideline range and without regard to the statutory minimum. According to the presentence report, Cole was not eligible for probation because the offense was a Class A felony. *See* 18 U.S.C. § 3561(a)(1); U.S.S.G. § 5B1.1(b)(1).

On December 8, 2003, the district court sentenced Cole to three years probation with a condition of five months home confinement. Neither Cole nor the government appealed the sentence. At the time of sentencing, Cole had a pending state case against him in Kentucky for manufacturing methamphetamine. Shortly after sentencing, Cole's probation supervision was transferred to the Eastern District of Kentucky, where Cole resided.

In May 2004, Cole was sentenced to ten years custody in the state case. He was released on parole on June 2, 2006. Cole's probation period, which was tolled while he was in state custody, commenced again.

2

On January 24, 2008, Cole's probation officer submitted a violation report charging (1) a failure to report and (2) commission of another offense. As to the first violation, Cole failed to report to his probation officer upon his release from state custody in June 2006. As to the second violation, Cole was arrested on January 22, 2008 and charged in state court with possession of methamphetamine, manufacturing methamphetamine, and possessing anhydrous ammonia with intent to manufacture methamphetamine. The Probation Violation Report noted Cole's guideline sentence for the violations was 24-30 months. It also noted the district court's option to revoke Cole's probation and re-sentence him on the original charge to which he plead guilty.

On March 6, 2008, the district court held a revocation hearing. The probation officer testified as to the nature of Cole's violations. The probation officer also testified that since the filing of the Probation Violation Report, it was discovered that Cole was charged in December 2006 with receiving stolen property over $300. Although the charge was later dismissed, Cole did not report this charge to his probation officer. Cole also received a traffic citation in September 2007 for which he paid a fine; he did not report this to the probation officer.

A detective with a state drug task force testified at the violation hearing. He said that law enforcement officers received a tip that Cole was manufacturing methamphetamine at his residence. Officers, including the detective, came to Cole's residence. Cole gave them consent to enter but denied any drug activity. After Cole questioned whether he would sign a written consent to search the premises, the officers obtained a search warrant. The officers found two jars of anhydrous ammonia and various equipment used in the manufacture of methamphetamine. Items containing traces of methamphetamine were also found.

3

Cole, then age 67, testified at the violation hearing. He admitted to failing to report to his probation officer, explaining both that he forgot the probation officer's instructions years ago and may have been confused by his state parole status. Cole also admitted to using methamphetamine on the date of the search; he denied manufacturing methamphetamine.

At the conclusion of the hearing, the district court found that Cole had violated the terms of his probation by failing to report to his probation officer and for possessing and manufacturing methamphetamine. In so doing, the district court fully credited the testimony of the probation officer and the detective. The district court also discredited Cole's testimony, finding it incorrect or false. The district court found that Cole failed to inform his probation officer about his stolen property charge and traffic citation, but did not consider these incidents as a basis for decision. As to the methamphetamine charges, the district court found "clear and convincing evidence" to support the state charges. The district court then revoked Cole's probation and scheduled the matter for re-sentencing. The district court asked for a sentencing memorandum from the probation officer updating the initial presentence report.

The probation officer filed a Sentencing Memorandum, explaining that Cole's guideline range for the underlying offense was 46 to 57 months, not 120 months, due to application of the safety valve. The probation officer further explained that the district court had discretion to sentence Cole to any term of imprisonment up to life on the probation violation, noting that the district court has all options available to it that were in place at the time of the original sentence, which included not only a guideline sentence due to the safety valve, but also a sentence within the statutory range of 120 months to life.

4

When Cole appeared for sentencing on May 27, 2008, he argued for a sentence within the range of 46 to 57 months. The government argued for a sentence of at least 120 months. The district court sentenced Cole to 120 months plus five years supervised release with conditions. Cole appeals, contending the 120 month sentence is both procedurally and substantively unreasonable.

**II.**

Sentences imposed for probation and supervised release violations are reviewed "under the same abuse of discretion standard that [this court applies] to sentences imposed following conviction[.]" *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009) (quoting *United States v. Bolds*, 511 F.3d 568, 572-73, 578 (6th Cir. 2007)) (internal quotation marks omitted). The sentence may be overturned only if it is procedurally or substantively unreasonable. *Id*. (citing *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008)).

Upon a finding of a probation violation, the district court may either (1) continue probation with or without modifications or (2) revoke probation and sentence the defendant to any sentence within the statutory maximum for the original offense. *See* 18 U.S.C. § 3565(a). Where, as here, a defendant violates probation by possessing a controlled substance, revocation of probation is required. *See* 18 U.S.C. § 3565(b)(1).[1] In other words, when assessing the penalty for Cole's probation violation which required his probation be revoked, the district court was not restricted to the range applicable at the time of the initial sentencing. Instead, Cole's sentence need only be consistent with the provisions of subchapter A, the general provisions for sentencing set out at 18

---

[1]Indeed, Cole has not challenged the district court's decision to *revoke* his probation.

U.S.C. § 3553.  *See United States v. Hudson*, 207 F.3d 852, 853 (6th Cir. 2000).  In this sense, when sentencing following the revocation of probation, a district court is free to impose *any* sentence within the statutory maximum for the original offense, giving consideration to the section 3553 factors.  The question on appeal is whether Cole's 120 month sentence, which was below the statutory maximum of life, was in keeping with those factors.

**A.**

When reviewing a sentence for procedural reasonableness, this court considers:  whether the district court "(1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen[.]"  *Bolds*, 511 F.3d at 581.

Here, the district court asked whether Cole had any objections to his sentence.  Cole did not raise any.  As a result, we review the issue of procedural reasonableness for plain error.  *See United States v. Bailey*, 488 F.3d 363, 367 (6th Cir. 2007) (holding that where a district court asks whether there are any objections at sentencing and none are raised, the plain error standard applies).  For this court to find plain error, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'"  *Johnson v. United States*, 520 U.S. 461, 467 (1997) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732, (1993)).  The error "must have affected the outcome of the district court proceedings."  *Olano*, 507 U.S. at 734.  The defendant bears the burden of persuasion that the error was prejudicial.  *Id*.  If the first three conditions for plain error are met,

6

"an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Johnson*, 520 U.S. at 467 (alteration in original) (quoting *Olano*, 507 U.S. at 732) (internal quotation marks omitted).

Cole argues that his sentence is procedurally unreasonable because he says the district court "scarcely discussed" the guideline range at sentencing and it is "unclear" what the district court considered the guideline range to be. Cole also says that the district court "implied" that the safety valve no longer applied.

The record belies Cole's assertions. A review of the sentencing transcript shows that the district court understood Cole's guideline range to be 46-57 months, as stated in the original presentence report and the subsequent sentencing memorandum. The district court noted that this guideline range was as a result of the safety valve and that without it, Cole would have been subject to a minimum of 120 months. Although at the time of the revocation hearing, the district court appeared to indicate Cole's guideline range may change, the district court did not recalculate the guideline range at the time of re-sentencing. This was not procedurally unreasonable.

Cole also argues that the district court erred in failing to treat the re-sentencing on the original charge separate from the probation violation. Not only does Cole fail to provide any authority for the proposition that the original crime and probation violations be viewed separately, section 3553(a) counsels otherwise. As noted above, a resentencing following a probation revocation requires, as does any sentence, application of the section 3553(a) factors. These factors include the defendant's

7

history and violation conduct. Moreover, because the district court was free to consider any sentence within the statutory maximum of the original charge, it clearly was able to view the original charge within the context of the probation violation. Thus, this argument lacks merit.

Finally, even if the district court procedurally erred, Cole has not provided argument alleging that his substantial rights were affected by any errors. Because Cole has failed to meet his burden to show that his substantial rights were affected, the district court did not commit plain error with respect to the procedural reasonableness of Cole's sentence.

**B.**

With regard to substantive reasonableness, "[t]he essence of a substantive reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "'A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.'" *Id*. at 633 (quoting *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008)). Where the sentence imposed is outside of the guideline range, this court must give "due deference" to the district court's determination that the 18 U.S.C. § 3553(a) factors justify the variance. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The fact that [this court] might have reasonably concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Bolds*, 511 F.3d at 581 (quoting *Gall*, 552 U.S. at 51) (internal quotation marks omitted).

Here, the district court provided a sufficiently compelling justification for its departure from the guideline range. The district court first noted that Cole received "quite a break" initially with a sentence of probation and he did not take advantage of that break, noting his continued involvement with methamphetamine. The district court also commented on its finding that Cole had given false testimony at the revocation hearing, admitting only to using methamphetamine but not manufacturing it. The district court then considered the section 3553(a) factors and fully articulated why a 120 month sentence was justified. A review of the sentencing transcript shows that the district court fashioned what it believed to be an appropriate sentence under the circumstances. We do not find Cole's sentence substantively unreasonable.

## III.

For the reasons stated above, Cole's sentence is AFFIRMED.